## Plavin v. Zoning Hearing Board of Bristol Borough

*Bernard Cullen,* for appellant.
*Richard Snyder,* for appellee.

BIEHN, *J.,* August 7, 1985—This is an appeal from the May 16, 1984 decision of the Zoning Hearing Board of Bristol Borough. After a hearing on April 18, 1984, the board granted a conditional use to the new tenant of the subject premises to operate an automobile repair service shop under the same specific terms and conditions as the prior tenant. Appellant, owner of the property, asserts that the board erred in making the above use conditional by requiring further review in the event of a change in ownership or tenancy. We agree.

Since no further testimony was taken by this court, our scope of review is limited to a determination of whether the zoning hearing board abused its discretion or committed an error of law. Concord Township Appeal, 439 Pa. 466, 469, 268 A.2d 765 (1970). After reviewing the record, we find that the board did abuse its discretion in attaching the condition in question.

Appellant and the new tenant made an application to the board to register and continue the automobile repair service shop use in a central commercial district. The board made the following findings of fact: (1) that pursuant to its decision after a hearing on September 16, 1981,* it allowed appellant to continue an automobile repair service shop as "a quasi-integral part of the tire outlet as long as the existing tenant or Mr. Plavin (appellant) continues such operation"; (2) the above decision further concluded that any change of use or ownership of the automobile repair service shop would require that the matter be brought back before the zoning hearing board; and (3) the applicants reapplied to the zoning hearing board for a change of tenant. The new tenant commenced possession on April 1, 1984 with the intention of operating the same business in the same location, and so forth, as the prior tenant. Applicants requested a conditional use to continue the operation of the automobile repair business pursuant to Bristol Borough ordinances and the zoning hearing board decision of 1981.

The board, in the present matter, then granted the conditional use for the new tenant. It specified that there will be no additions to the building, to the

---

* This decision was appealed, but by an order dated September 21, 1983, the court remanded the matter to the Bristol Borough Zoning Board of Adjustment for further consideration.

existing bays or to any of the equipment which would in any way increase noise, smoke, fumes, dust, vapors, heat or vibrations. It then stated that any change of use, operation, ownership of the building or change in tenant will require the owner and the new applicant to reappear before the zoning hearing board for a decision on the conditional use and/or to register the non-conforming use.

In adding the condition as to any change in ownership or tenancy, the board abused its discretion.

". . . [A] special exception or a variance, although it may be granted conditionally or limited in time or use in any manner consistent with the ordinance *always runs with the land and cannot be personal*": Fernald Appeal, 17 D. & C.2d 291 (1958). "The impact of zoning regulations relates to matters of use of the subject premises, not to the identity of the owner or occupier": Widenmeyer v. Northampton Twp. Zoning Bd. of Adj., 12 Bucks 582 (1962). (Emphasis supplied.) Tremblay Appeal, 53 D. & C.2d 766, 769 (1971).

In Widenmeyer, the court stated:

"There is absolutely no basis for the second condition imposed by the board in this case, confining in point of time the approval of the variance to the continued ownership of the premises by appellants. The impact of zoning regulations relates to matters of use of the subject premises, not to the identity of the owner or occupier thereof; determinations of classification or other zoning status are inherent in and run with the real estate under consideration and are not merely personal to the individual who happens to be the proprietor thereof for the time being . . . As noted in the Fernald case, at page 296:

'Whoever may be the owner of a given tract of land bears no reasonable relationship to the spirit

and purpose of zoning acts and ordinances. Zoning ordinances have to do with the use and not the ownership of land.' " Widenmeyer v. Northampton Township Zoning Board of Adjustment, 12 Bucks Co. L. Rep. 582, 585 (1962).

See also In re Appeal of Terra Grain, Inc., 13 D. & C.3d 400, 403-404 (1979), in which the court held that the way to assure that production facilities will be properly operated and maintained is to attach conditions to the special exception which relate to the manner in which such facilities are operated. Conditions that make a special exception personal to appellant are arbitrary and an abuse of the board's discretion.

In the matter before us, we find that the effect of the condition requiring reappearance before the board in the event of a change in ownership or tenancy is to make the granting of the use personal to appellant and the new tenant. This the board cannot do. The conditional use here, like the special exceptions and variances discussed above, must run with the land and cannot be attached to a landowner or tenant.

The board can, and did, require that any change in use or operation shall also require reappearance before it. This condition is proper, as well as that relating to no additions to the building and equipment, which appellant does not dispute. The Pennsylvania Municipalities Planning Code permits a board to impose reasonable conditions or safeguards to implement the purposes of that act and the zoning ordinance, as long as those conditions bear a reasonable relation to the health, safety, morals and general welfare of the public. Tremblay Appeal, supra at 769.

Accordingly, we enter the following

## ORDER

And now, this August 7, 1985, the decision dated May 16, 1984 of the Zoning Hearing Board of Bristol Borough is affirmed but modified by the deletion of the condition requiring reappearance before the board in the event of a change in ownership or tenancy of the subject premises.